12-1415-cv
CCS.com USA, Inc. v. Gerhauser

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
　　　　　　REENA RAGGI,
　　　　　　　　*Circuit Judges*,
　　　　　　KENNETH M. KARAS,
　　　　　　　　*District Judge.*[*]

----------------------------------------------------------------------

C.C.S.COM USA, INC.,

　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　No. 12-1415-cv

ARTHUR GERHAUSER, CHIEF BUILDING INSPECTOR OF THE BUILDING DIVISION OF THE TOWN OF BROOKHAVEN, ROBERT INCAGLIATO, BUILDING INSPECTOR OF THE BUILDING DIVISION OF THE TOWN OF BROOKHAVEN, R. PALAZZOTTO, BUILDING INSPECTOR OF THE BUILDING DIVISION OF THE TOWN OF BROOKHAVEN, KATHLEEN MEADE, DEPUTY COMMISSIONER OF THE BUILDING

---

[*] The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

DIVISION OF THE TOWN OF BROOKHAVEN, THE BUILDING DEPARTMENT OF THE TOWN OF BROOKHAVEN, THE ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN, BRENDA A. PRUSINKOWSKI, DEPUTY COMMISSIONER OF THE DEPARTMENT OF PLANNING, ENVIRONMENT AND LAND MANAGEMENT OF THE TOWN OF BROOKHAVEN, DAVID WOODS, COMMISSIONER OF THE DEPARTMENT OF PLANNING, ENVIRONMENT AND LAND MANAGEMENT OF THE TOWN OF BROOKHAVEN, THE DEPARTMENT OF PLANNING, ENVIRONMENT & LAND MANAGEMENT OF THE TOWN OF BROOKHAVEN, THE TOWN OF BROOKHAVEN,

*Defendants-Appellees.*[**]

------------------------------------------------------------------------

APPEARING FOR APPELLANT: WILLIAM D. WEXLER, ESQ., North Babylon, New York.

APPEARING FOR APPELLEES: PETER J. BIGING (Jennifer H. Feldscher, *on the brief*), Lewis, Brisbois, Bisgaard & Smith LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 30, 2012, is AFFIRMED.

CCS.com USA, Inc. ("CCS") appeals from an award of summary judgment in favor of the Town of Brookhaven and various town officials and departments (hereafter

[**] The Clerk of Court is respectfully directed to amend the official caption as shown above.

2

"Brookhaven") on CCS's procedural due process claim for damages under 42 U.S.C. §§ 1983 and 1988, and its claims for a declaratory judgment and equitable relief. We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). In applying these principles here, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

When an individual is "deprived of any significant property interest" by a state or local government, due process requires "an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." Boddie v. Connecticut, 401 U.S. 371, 379, 378 (1971) (citations, brackets, ellipses, and internal quotation marks omitted); accord Mathews v. Eldridge, 424 U.S. 319 (1976). Here, the district court assumed, without deciding, that Brookhaven's denial of a building permit to CCS effectively deprived CCS of a significant property interest in its certificate of occupancy ("C of O"). Nevertheless, it concluded that any such denial had not been without due process. On this appeal, CCS contends that the district court erred in finding the informal conversations between CCS's expediter and Brookhaven officials to be adequate pre-deprivation process. It further submits that delay in acting on its claim for correction of its C of O failed to accord adequate post-deprivation process. We conclude that summary judgment was properly entered in favor of defendants, but for reasons somewhat different

3

from those of the district court. See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir. 2011) (reiterating that we may affirm for any reason supported by the record).

On an independent review of the record, we identify no factual support for the assertion that Brookhaven ever revoked—either formally or effectively—the filed C of O. While the C of O did not appear to authorize the larger premises that, in fact, occupied the lot at issue, resulting in an apparent violation that needed to be cured before a building permit could issue, see Brookhaven Town Code § 16-3(M), neither the denial of a building permit nor any other record evidence indicates that Brookhaven ever revoked CCS's property interest in the filed C of O. Thus, to the extent CCS's due process claim is based on Brookhaven's alleged failure to afford it a pre-deprivation hearing regarding the C of O, the claim fails for lack of evidence of revocation.

Insofar as CCS's due process claim rests on Brookhaven's denial of a building permit, our precedent is clear: "to establish a federally protectable property interest in a state or local permit . . . , the plaintiff must show that, at the time the permit was denied, there was no uncertainty regarding his entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case." Natale v. Town of Ridgefield, 170 F.3d 258, 263 n.1 (2d Cir. 1999); accord O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007). In this case, before issuing a building permit, Brookhaven's chief building inspector, defendant Arthur Gerhauser, was required to determine whether any

code violations existed on the property in question. See Brookhaven Town Code § 16-3(A), (M). The making of an addition to a building without prior town approval is a violation of the town code. See id. §16-3(A). Insofar as the building for which CCS sought a permit contained a side structure apparently not reflected in the filed C of O, there appeared to be a violation that precluded issuance of a building permit. Thus, far from having a "clear entitlement" to the permit, CCS appeared (from the facts before Brookhaven's Building Division) not to be entitled to a permit at all. This case is, therefore, distinguishable from Walz v. Town of Smithtown, 46 F.3d 162 (2d Cir. 1995). There, a town law conferred an entitlement on the plaintiff insofar as it provided that an excavation permit issue automatically on plaintiff's submission of a form stating "the nature, location, extent and purpose of the proposed excavations." Id. at 168. Here, CCS had to do more than make a pro forma submission to secure a permit; it had to demonstrate to the Building Division that no violations existed on its property. Because an apparent violation created "uncertainty" as to CCS's entitlement to the permit, CCS cannot demonstrate that it held a property interest in an unissued permit affording it due process protections.

Even if CCS's eventual submission of materials supporting a corrected C of O might be construed to give rise to a protected property interest—a question we need not decide—CCS cannot demonstrate a denial of due process in Brookhaven's delay in granting that correction where CCS never inquired into the status of its application or pursued an Article 78 hearing to compel the town's decision. See Hellenic Am. Neighborhood Action

5

Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996) (discussing Article 78 as means to procure hearing and redress of grievance); Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) (rejecting procedural due process claim because plaintiffs "could have sought meaningful review" of town zoning decision "within the state judicial system, but chose instead to commence the present action"); see also Mathews v. Eldridge, 424 U.S. at 349 (identifying no deprivation of due process where plaintiff had right to judicial review before denial of his claim became final).

We have considered CCS's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
